IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. BURKE,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN D.K. SISTO,<br><br>    Respondent.<br>_____ | No. C 07-2832 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

On May 31, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2003, in Santa Clara County Superior Court, petitioner was convicted of vandalism and driving under the influence of alcohol ("D.U.I."), and sentenced to a term of six years and four months in state prison. Petitioner challenged his vandalism conviction[1] by habeas petitions filed in the San Francisco County Superior Court, the California Court of Appeal and the Supreme Court of California. All three habeas petitions were denied.

**DISCUSSION**

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[1] Petitioner states he is only challenging his vandalism conviction herein, not his D.U.I. conviction.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner claims: (1) his attorney advised him to plead nolo contendere to the vandalism charge despite the fact that there was no evidence to support the charge; (2) that his vandalism conviction was based on false evidence; and (3) that he was given an illegal sentence based on false information and ineffective assistance of counsel.

Petitioner's three claims fail to state a cognizable basis for federal habeas relief, in that they do not allege a violation of federal law. A writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). The writ is not available to redress violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, petitioner has not identified what federal law allegedly was violated, as is necessary to provide respondent with adequate notice of the claims being asserted. See Hendricks, 908 F.2d at 491-92 (holding petitioner must state claims with sufficient specificity to allow respondent to prepare response). Petitioner will be given leave to amend his claims to allege what federal law, if any, he is asserting was violated. Petitioner is advised that any federal basis for such claims must be exhausted, by petitioner's having sufficiently presented *the federal basis* for the claims, in addition to any other arguments in support of the claims, to the Supreme Court of California, before raising them in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S.

1  509, 515-16 (1982).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The instant petition is DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, petitioner must file an amended petition in which he corrects the deficiencies noted above. The amended petition must include the caption and civil case number used in this order, No. C 07-2832 MMC (PR), and must include the words AMENDED PETITION on the first page. In the amended petition, petitioner must include all the claims he wishes to present; he may not incorporate by reference any portion of his initial petition.

2. **If petitioner fails to timely amend the petition as ordered herein, the petition will be dismissed.**

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b) and/or Civil Local Rule 3-11, for failure to prosecute.

4. In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: June 13, 2007

_____
MAXINE M. CHESNEY
United States District Judge