**FILED**

MAY 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. BURKE, <br>     Petitioner, <br> v. <br> WARDEN D.K. SISTO, <br>     Respondent. | No. C 07-2832 MMC (PR) <br><br> **ORDER TO SHOW CAUSE** |

    On May 31, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2007, the Court found petitioner had failed to state cognizable claims for habeas corpus relief; specifically, he had not identified what federal law allegedly was violated, as is necessary to provide respondent with adequate notice of the claims being asserted. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990). The Court granted petitioner leave to amend his claims to allege what federal law, if any, he is asserting was violated; the Court also advised petitioner that any federal basis for such claims must have been exhausted by petitioner's having presented the claims to the California Supreme Court before raising them in federal court. On July 11, 2007 petitioner filed an amended petition, which amended petition the Court now reviews.

## BACKGROUND

    In 2003, in the Superior Court of Santa Clara County ("Superior Court"), petitioner was convicted of vandalism and driving under the influence of alcohol. He was sentenced to

a term of six years and four months in state prison. Petitioner challenged his vandalism conviction[1] by habeas petitions filed in the Superior Court, the California Court of Appeal and the California Supreme Court. All three habeas petitions were denied.

## DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. Petitioner's Claims

In the amended petition, petitioner alleges his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated when: (1) his attorney advised him to plead nolo contendere to the vandalism charge, which charge was not supported by the evidence; (2) false information was used to charge the vandalism count as a felony; and (3) he was given an illegal sentence as a result of the above- referenced ineffective assistance of counsel and false information. In clarification of his claims, petitioner has attached a copy of the state habeas petition he filed in the California Supreme Court; in said petition, petitioner raised the following claim:

> Trial attorney advised me to plea "nolo contendere" to the charge of vandalism when the documents in the file clearly are "not" supportive of the charge in my case, in violation of the 5th, 6th and 14th Amendment[s], U.S. Const.

(Amen. Pet. Attachment.)

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the

---

[1]Petitioner states he is only challenging his vandalism conviction herein.

2

Patrick D. Burke
CMF R-101-L
V-09946
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: May 19, 2008

Richard W. Wieking, Clerk



By: Tracy Lucero, Deputy Clerk

Case 3:07-cv-02832-MMC    Document 7    Filed 06/10/2008    Page 3 of 7



a term of six years and four months in state prison. Petitioner challenged his vandalism conviction[1] by habeas petitions filed in the Superior Court, the California Court of Appeal and the California Supreme Court. All three habeas petitions were denied.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

In the amended petition, petitioner alleges his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated when: (1) his attorney advised him to plead nolo contendere to the vandalism charge, which charge was not supported by the evidence; (2) false information was used to charge the vandalism count as a felony; and (3) he was given an illegal sentence as a result of the above- referenced ineffective assistance of counsel and false information. In clarification of his claims, petitioner has attached a copy of the state habeas petition he filed in the California Supreme Court; in said petition, petitioner raised the following claim:

> Trial attorney advised me to plea "nolo contendere" to the charge of vandalism when the documents in the file clearly are "not" supportive of the charge *in my case*, in violation of the 5th, 6th and 14th Amendment[s], U.S. Const.

(Amen. Pet. Attachment.)

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the

---

[1]Petitioner states he is only challenging his vandalism conviction herein.

2

1  plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983).[2] After a guilty plea, the
2  only challenges remaining as a basis for federal habeas relief are the voluntary and intelligent
3  character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474
4  U.S. 52, 56-57 (1985). Here, when the claims in the instant petition are liberally construed, it
5  appears petitioner is attempting to challenge his vandalism conviction and sentence based on:
6  (1) ineffective assistance of counsel, and (2) the prosecutor's reliance on false information to
7  charge petitioner with a felony. Petitioner's claim that the prosecutor relied on false
8  information to charge him with a felony must be dismissed because said claim relates to the
9  deprivation of constitutional rights that occurred before petitioner pled guilty. Liberally
10 construed, however, petitioner's claim that he was provided ineffective assistance of counsel
11 is cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order <u>and the amended petition</u> (Docket No. 4), along with all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

---

[2] Under California law, a plea of nolo contendere in a felony case is equivalent to a plea of guilty for all purposes. See Cal. Penal Code § 1016.

the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

    3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: MAY 1 9 2008

MAXINE M. CHESNEY
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PATRICK D BURKE,

        Plaintiff,

v.

D K SISTO, WARDEN et al,

        Defendant.

Case Number: CV07-02832 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrick D. Burke
CMF R-101-L
V-09946
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: May 19, 2008

        Richard W. Wieking, Clerk

        *Tracy Lucero*

        By: Tracy Lucero, Deputy Clerk