1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JILL M. THAYER, State Bar No. 166428
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5954
    Fax:  (415) 703-1234
8   Email:  Jill.Thayer@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14
    **PATRICK D. BURKE,**                    C 07-2832 MMC (PR)
15
                            Petitioner,      **MOTION TO DISMISS**
16                                           **HEABAS PETITION AS**
             v.                              **BARRED BY THE STATUTE**
17                                           **OF LIMITATION**
    **D.K. SISTO, Warden**
18
                            Respondent.
19

20

21         Respondent hereby moves to dismiss the petition for writ of habeas corpus on the ground

22  that it is untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the

23  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

24         By order of May 19, 2008, this Court gave respondent the option of filing a motion to

25  dismiss on procedural grounds in lieu of an answer. Or. at 4. A motion to dismiss is proper where

26  the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989);

27  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases,

28  Rule 4 and Advisory Committee Notes.

**PROCEDURAL BACKGROUND**

Petitioner pled no contest to driving under the influence of alcohol with three or more prior convictions (Cal. Veh. Code, §§ 23152(a) & 23550(a)), felony vandalism (Cal. Pen. Code, § 594(a) & (b)(1)), possession of controlled substance paraphernalia (Cal. Health & Saf. Code, § 11364) and driving with a suspended license (Cal. Veh. Code, § 14601.2(a)), and admitted having two prior strike convictions (Cal. Pen. Code, §§ 667(b)-(i) & 1170.12) and having served a prior prison term (Cal. Pen. Code, § 667.5(b)). On October 10, 2003, the trial court sentenced petitioner to six years, four months in state prison.

On June 18, 2004, the California Court of Appeal affirmed the judgment in an unpublished opinion. Ex. 1. Petitioner did not seek review in the California Supreme Court.

On February 14, 2005, petitioner filed a petition for writ of habeas corpus in Santa Clara County Superior Court, which was denied on March 17, 2005. Exs. 2 & 3. The petition for writ of habeas corpus petitioner filed in Santa Clara County Superior Court on April 7, 2005 was denied on June 9, 2005. Exs. 4 & 5.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on July 15, 2005, which was denied on July 25, 2005. Ex. 6. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on November 9, 2005, which was denied on August 16, 2006. Ex. 7. Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court on August 31, 2006, which was denied on September 20, 2006. Ex. 8. Petitioner filed the instant petition for writ of habeas corpus on May 31, 2007. Docket No. 1.

**ARGUMENT**

**THE FEDERAL HABEAS PETITION IS UNTIMELY**

The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a petitioner appeals the state court judgment but does not seek review in the California Supreme Court, the judgment becomes final 40 days after the appellate court decision is filed. Cal. Rules of Court, Rules 8.60(a), 8.264(b), 8.500(e), Cal. Civ. Proc. Code,

1  § 12a, *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002).

2  The AEDPA allows for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). An application is pending until it has reached final resolution through the ordinary state collateral review process. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). The period an application is pending includes the intervals between a lower court's entry of judgment and a timely notice of appeal, *id.*, subject to the limitations discussed below.

California's collateral review system does not require appellate review of a habeas petition, but permits a petitioner to file a new original habeas petition, and determines the timeliness of each filing according to a reasonableness standard. *Carey v. Saffold*, 536 U.S. at 221. "In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction." *Nino v. Galaza*, 183 F.3d 1003, 1006 n. 2 (9th Cir. 1999); Cal. Const. art. VI, § 10. Although a superior court order denying habeas relief is non-appealable, a petitioner may file an original habeas petition in the California Court of Appeal. *Nino v. Galaza*, 183 F.3d at 1006 n.2. If the court of appeal denies habeas relief, the petitioner may seek review by filing a petition for review or by filing an original petition in the California Supreme Court. *Id.* at 1006 n.3.

Although a petition is called an original petition, and its timeliness is determined by a reasonableness standard, California's collateral review system functions like that of other states in providing basic appellate review. 536 U.S. at 221-22. Accordingly, as long as a California prisoner "filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006).

"In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely," the federal courts must "examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. at 198. An order denying a petition without stating the grounds for its

Motion to Dismiss                                                                                                                                                    Burke v. Sisto
                                                                                                                                                                      C 07-2832 MMC (PR)

3

1  decision does not warrant a holding that the filing was timely. *Id.* at 197. An unjustified or
2  unexplained six-month filing delay is not reasonable in California. *Id.*; *see also Gaston v. Palmer*,
3  447 F.3d 1165, 1166-67 (9th Cir. 2006) (10, 15, and 18 months intervals not reasonable).

4  In deciding whether a filing was made within a reasonable time, a federal court "must keep
5  in mind that, in *Saffold*, [the Supreme Court] held that timely filings in California (as elsewhere) fell
6  within the federal tolling provision *on the assumption* that California law in this respect did not
7  differ significantly from the laws of other States, *i.e.*, that California's 'reasonable time' standard
8  would not lead to filing delays substantially longer than those in States with determinate timeliness
9  rules." *Evans v. Chavis*, 546 U.S. at 199-200. Most states provides only short periods, 30 to 60
10 days, within which to appeal a decision to the state supreme court. *Id.* at 201. In California, a
11 criminal defendant must file a notice of appeal in a direct appeal from a superior court judgment
12 within 60 days. Cal. Rules of Court 8.308(a). The People must file a notice of appeal from an order
13 granting habeas relief within 60 days. Cal. Pen. Code, § 1506. Based on the Supreme Court's
14 statement in *Evans* and deadlines for filing appeals in California, delays substantially longer than
15 60 days are unreasonable in California. *See Livermore v. Watson*, ___F.Supp.2d ___ 2008 WL
16 802330 *4 (E.D. Cal. March 26, 2008) (78-day delay unreasonable); *Culver v. Director of*
17 *Corrections*, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (delays of 71 and 97 days
18 unreasonable).

19 Since petitioner did not seek review in the California Supreme Court, the judgment
20 became final 40 days after the California Court of Appeal filed its decision on June 18, 2004, or on
21 July 28, 2004. Petitioner therefore had until July 28, 2005 to file his federal habeas petition. *See*
22 *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001).

23 Petitioner filed his first habeas petition in Santa Clara County Superior Court on February
24 14, 2005, after 201 days of the limitation period had run. He is entitled to statutory tolling until July
25 25, 2005, when the California Court of Appeal denied his habeas petition.

26 Petitioner then waited 107 days before filing his next habeas petition in the California
27 Supreme Court on November 9, 2005. Since his delay was substantially longer than 60 days, it was
28 unreasonable. Accordingly, he is not entitled to statutory tolling during that "gap" period.

1  Petitioner is entitled to statutory tolling from November 9, 2005 until the California
2  Supreme Court denied his last state habeas petition on September 20, 2006. Petitioner then waited
3  253 days, or until May 31, 2007, to file his petition in federal court. Accordingly, 561 days not
4  subject to tolling passed before petitioner filed his federal petition. Thus, his petition was late by
5  196 days.

# CONCLUSION

Since the instant petition was not filed within one year of the date of final judgment, and statutory tolling does not render the petition timely, we respectfully request that the Court dismiss the petition for writ of habeas corpus with prejudice

Dated: August 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General
Attorneys for Respondent

20129943.wpd
SF2008401787

Motion to Dismiss

Burke v. Sisto
C 07-2832 MMC (PR)

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:  **Burke v. Sisto**

No.:  **C 07-2832 MMC (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On August 7, 2008, I served the attached

**MOTION TO DISMISS HABEAS PETITION AS BARRED BY THE STATUTE OF LIMITATION**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Patrick D. Burke
V-09946
CMF R-101-L
P.O. Box 2000
Vacaville, CA 95696-2000

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 7, 2008, at San Francisco, California.

|  |  |
|---|---|
| S. Agustin | /s/ S. Agustin |
| Declarant | Signature |

20130584.wpd