# EXHIBIT 1

*Kaye, M,*

# COPY

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

**FILED**

SIXTH APPELLATE DISTRICT

JUN 1 8 2004

Court of Appeal - Sixth App. Dist.
BY _____
DEPUTY

| | |
|---|---|
| THE PEOPLE, | H026657 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC304647) |
| v. | |
| PATRICK DENNIS BURKE, | |
| Defendant and Appellant. | |

DOCKETED
SAN FRANCISCO

JUN 2 1 2004

By ___ E. TOLENTINO
No. SF2003OAI  427

Defendant Patrick Dennis Burke appeals after pleading no contest to driving under the influence of alcohol with three or more prior convictions (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)), felony vandalism (Pen. Code, §594, subds. (a) & (b)(1)), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364), and driving while license suspended for a conviction of driving under the influence (Veh. Code, § 14601.2, subd. (a)). Defendant admitted that he had two prior "strike" convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)). The trial court struck one of the "strike" priors pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and imposed an aggregate prison term of six years, four months. It also imposed a $1,200 restitution fine pursuant to Penal Code section 1202.4, with an additional suspended $1,200 fine pursuant to Penal Code section 1202.45.

F

On appeal, defendant contends the $1,200 restitution fines violated the terms of his plea bargain and that they should be reduced to the statutory minimum amount of $200. We conclude there was no plea bargain here; we will therefore affirm the judgment.

## I. BACKGROUND

The facts underlying defendant's convictions are not relevant to the claim raised on appeal. The pertinent procedural history follows:

Defendant was charged, by amended information, with driving under the influence of alcohol with three or more prior convictions (count 1; Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)), driving with a blood alcohol level of 0.08 or more with three or more prior convictions (count 2; Veh. Code, §§ 23152, subd. (b), 23550, subd. (a)), felony vandalism (count 3; Pen. Code, §594, subds. (a) & (b)(1)), possession of controlled substance paraphernalia (count 4; Health & Saf. Code, § 11364), driving while privileges suspended for refusal of a chemical test (count 5; Veh. Code, § 14601.5, subd. (a)), and driving while license suspended for a conviction of driving under the influence (count 6; Veh. Code, § 14601.2, subd. (a)). The information alleged that defendant had two prior "strike" convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

On September 11, 2003, the trial court addressed defendant. It told him, "[G]ood morning. You wish to go to trial in this case, which is your absolute right to do so. I want to clarify a few things so that after trial, if you get a sentence of 25 to life, you can't say, 'Gee, nobody told me.' I want to put all the cards on the table so we'll play this hand face up.

"The two strike prior that you have, if they are strike priors, the jury decides on those. They just simply decide, was there a conviction. The Court decides identity, are they your priors, one. Two is, are they strike priors? So all the jury is deciding is, was he conviction of two counts of robbery in Illinois?

"The facts of this case, to get to a trial, are there's a car stop for driving under the influence. Those officers, as you know, make thousands of those every day. It's sort of like if you call the DUI case, what it's all about. What makes it serious is your past life that wraps around that. All these priors here and there.

"You've got three prior DUI charges. They allege two strike priors, one prison prior. Now, all of this brings you within the 25 to life sentence, if convicted.

"I don't know what your defense is. I don't know what the facts of the case are. You do not get punished for going to trial. But you do get rewarded for early resolution. . . ."

The trial court warned defendant that if he testified at trial, he could be impeached with his prior DUI convictions. The trial court then stated: "So when it's all done, if it's all found to be true, where do you think you stand there versus now? Do you think you're better after trial? Do you think you're better off now? I'm going to let you make that call, 'cause I can't tell you one way or the other. It's easy for me to say because I don't have to do the time[.]

"But after trial, then it becomes, your fate is in the Court's hands. Right now, your fate is in your hands. Ask yourself this question: Who do you want holding the key to your jail cell? You can have all the angst you want, anger, upset, confusion. I'd be glad to answer questions you may have. I don't think I'd have the answers.

"But who do you want to control your fate? Do you want me to do it or do you want you to do it? Because if you get convicted, then it's me.

"What if I have a bad day that day? What if I look at your record and say two robbery priors, and between now and then, he hasn't really done much with his life. I'm sorry, sir, it's 25 to life.

"And you know what, I won't get reversed. You can appeal till, as they say, the cows come home, I won't get reversed, because it's in my discretion that I'm supposed

to, can exercise. I'm supposed to give you 25 to life. I have to find ordinary circumstances above and beyond not to give it to you.

"So if you want a minute or two to think about it, talk to your lawyer, she's very competent. She knows what she's doing. If you want to talk to her, go back there and say, listen, what do I want to do? Do I want to control my fate? Do I want to have the keys to the jail cell, or do I want the judge to have it? Because if the judge has it, wow, then the law says he's got to give me 25 to life[.]

"And for him not to do it, he's really got to have found that I'm an unusual person, that I've quote, prospects, that I've been working all these years; that I have a family to support; this is the first time I've had this problem. Well, you know that's not true. Look at your record between now and then. You can best tell me how do I want to go from here.

"Okay. You want to talk to her, fine. If you want a trial, that's fine too.

"We'll get your clothes. I'll have a panel here on Monday, and off we go. As you know, once the panel walks in the door, then your fate is going to be in their hands. They conclude that you're culpable, then your fate is in my hands.

"As I say, right now, if you walked into the store, somebody says to you, [defendant], one, I want to sell you this particular item that you need for your house. If you buy it today, it's four years, if you want till next week, it's 25 to life. What price do you want to pay? So think it over. I'll give you five, ten minutes, talk it over with your counsel, and we'll be back. Thank you."

After a recess, the trial court addressed defendant again: "It's the Court's understanding that you wish to plead to the charges at this time and set this in this department for Romero hearing on October 10th; is that correct[?]" Defendant replied, "Yes, sir."

The trial court then asked the prosecutor, "[Y]ou've got counts 1 and 2 charged. Are they charged in the alternative or are they separate charges?" The prosecutor replied,

4

"They're charged in the alternative, Your Honor." The trial court asked, "Do you want both counts?" The prosecutor responded, "He can plead to one since they're 654."

The trial court told defendant, "[T]he District Attorney, then, has agreed at sentencing to dismiss count 2; however, it requires that you plead guilty or no contest to count 1, and I'll read that to you." The trial court then described the offenses charged in counts 1, 3, 4, 5, and 6, as well as the prior conviction and prior prison term allegations.

The trial court explained, "As you know, your maximum exposure for these types of offenses could technically be 26 years to life, but the Court has indicated that you have the right to a hearing under People versus Romero, which we will conduct on October the 10th of this year.

"Now, on the charges pending before the Court, I have to advise you what the consequences are. First of all, in the driving under the influence in count 1, that stays on your record for seven years, and can be charged as a prior conviction. [¶] You can no longer own or possess a firearm. If you are not a citizen, you could be deported, denied readmission, denied naturalization. [¶] Any prison commitment you have, your parole period is three years, one year back to prison if you violate parole. [¶] In addition, I have to impose a general fund fine of $400 on count 1, then I have to impose $700 mandatory minimum restitution fines. And I have to order restitution to the victim in this case . . . . Now, [defendant], this is the offer presented to you this morning to resolve this case. Do you understand and accept that offer?" Defendant replied, "Yes, sir."

The trial court questioned defendant to ensure that he was entering the pleas knowingly and voluntarily, then informed him of his trial rights. Defendant then pleaded no contest to count 1. At that point, the prosecutor stated, "And the People submit count 2 and count 5 for dismissal as well, since 5 and 6 are charged in the alternative." Defendant then pleaded no contest to counts 3, 4, and 6. He admitted the prior convictions alleged as to counts 1 and 6 as well as the "strike" priors and prior prison term allegation.

On October 10, 2003, the trial court struck one of the two "strike" priors. It imposed sentence as follows: four years for count 1; a consecutive term of one year, four months for count 3; and a consecutive one-year term for the prior prison term allegation. The trial court imposed concurrent terms for the misdemeanors charged in counts 4 and 6.

With regard to restitution, the trial court stated: "The Court must impose the mandatory minimum restitution fine, and in this case, the Court's mindful of the formula of a six-year term at $200 per year, for a 1200- dollar restitution fine. [¶] An additional 1200-dollar restitution fine is imposed and stayed pursuant to [Penal Code section] 1202.45. I must also impose a 400-dollar restitution fine plus assessments for the conviction and plea in count 1."

## II. DISCUSSION

Defendant contends the $1,200 restitution fine and $1,200 parole revocation fine must be reduced to the statutory minimum of $200. (Pen. Code, §§ 1202.4, subd. (b), 1202.45.) He claims the imposition of $1,200 fines violated the terms of his plea bargain. He relies on *People v. Walker* (1991) 54 Cal.3d 1013.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker, supra,* 54 Cal.3d at p. 1024.) In *Walker,* the Supreme Court stated that whether a restitution fine is proper turns upon "two related but distinct legal principles." (*Id.* at p. 1020.) The first requires that the defendant be advised of both the constitutional rights being waived and the direct consequences of the plea. The second requires that the parties adhere to the terms of a plea bargain. (*Id.* at pp. 1019-1020.) "Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially" (*id.* at p. 1020), and "the proper remedy

6

depends on the nature of the error, and the time and manner in which it is brought to the attention of the court." (*Id.* at p. 1022.) "[W]hen the only error is a failure to advise of the consequences of the plea, the error is waived if not raised at or before sentencing." (*Id.* at p. 1023.) If the sentence violates the plea bargain, i.e. a specifically negotiated term where the court implies a term of the plea bargain to be that the punishment agreed upon does not include a restitution fine, and the imposition of a restitution fine is a significant departure from the agreement, then the remedy is to reduce the mandatory fine to the statutory minimum of $200. (*Id.* at p. 1024.)

The People assert, and we agree, that there was no actual plea bargain in the form of a negotiated disposition between defendant and the prosecutor. As the People point out, there could not have been a plea bargain here, because Penal Code section 1192.7, subdivision (a) prohibits "[p]lea bargaining in any case in which the indictment or information charges . . . any offense of driving while under the influence of alcohol . . . ."

The record reflects that defendant entered into an open plea. The record shows that, at the beginning of the hearing on September 11, 2003, defendant intended to go to trial on the charges. The trial court then explained to defendant that if he was found guilty at a trial, he would likely get sentenced to 25 years to life. The trial court stated that defendant might get a lesser sentence if he pleaded guilty: "You do get rewarded for early resolution . . . ." The trial court then permitted defendant to speak with his attorney. After they conferred, the trial court stated its "understanding that you wish to plead to the charges at this time and set this in this department for Romero hearing on October 10th; is that correct[?]" Defendant replied, "Yes, sir."

Defendant points out that although Penal Code section 654 may have prohibited separate punishment for counts 1 and 2 and for counts 5 and 6, there was nothing to prohibit him from being convicted of both charges; he further points out that multiple convictions on such counts can have significant collateral consequences. Defendant claims that the prosecutor's dismissal of counts 2 and 5 was the benefit offered in

7

exchange for his pleas. (See *People v. Walker, supra,* 54 Cal.3d at p. 1024 [plea bargain occurs when "a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts"].) However, the record reflects that the prosecutor dismissed counts 2 and 5 *after* defendant indicated that he wished to "plead to the charges." The trial court asked the prosecutor whether counts 1 and 2 were alternative charges. The prosecutor then agreed that defendant could "plead to one since they're 654." The prosecutor later told the trial court that counts 5 and 6 were also alternative charges and that she would dismiss count 5.

We conclude there was no plea bargain here; therefore defendant's claim that the restitution fines violated the terms of the plea bargain fails.

## III. DISPOSITION

The judgment is affirmed.

_____
                BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
        MIHARA, J.

_____
        MCADAMS, J.

*People v. Burke*
H026657

# EXHIBIT 2

Name *Patrick Dennis Burke*

Address *CTF LB 116*

*P.O. Box 705*

*Soledad, CA 93960-0705*

CDC or ID Number *V-09946*

**F I L E D**

FEB 14 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY

**CASSIDY WILLIAMS**

*Superior Court*

*Santa Clara County*

(Court)

---

*Patrick Dennis Burke*
Petitioner

vs.

*The People of The State of California*
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. *CC304647*

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

**Page one of six**

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | |
|---|---|
| Plaintiff:<br>PEOPLE OF THE STATE OF CALIFORNIA | **FILED**<br><br>MAR 1 7 2005<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>BY _____ DEPUTY |
| Defendant<br>**Patrick Dennis Burke** | |
| PROOF OF SERVICE BY MAIL OF:<br>ORDER RE: WRIT OF HABEAS CORPUS | CASE NUMBER:<br>CC304647 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on  3-17-05.  I declare under penalty of perjury that the foregoing is true and correct.


KIRI TORRE, Chief Executive Officer          By _____  Clerk
                                                  Barbara Thomen


Patrick Dennis Burke, V-09946
CTF LB116
P.O. Box
Soledad, CA  93960-0705


Research Attorney/Criminal Division
* Placed in Research Attorney's  mail box at
   Hall of Justice


CJIC
*Placed in CJIC mail box  at Hall of Justice


Office of the District Attorney,   Santa Clara County
70 West Hedding Street, West Wing
San Jose, CA  95110
* Place in District Attorney Pickup Box*

Clerk of the Superior Court,                    2-3-05

    I am requesting a receipt of filing
in this matter and requesting appointment
of counsel from the court as well as
notification of the name and address
of the counsel appointed.

    This is also my official notice of
change of address. My current address is:

Patrick Burke V-09946
CTF LB 116
P.O. Box 705
Soledad, CA  93960-0705



RECEIVED

FEB 0 9 2005

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____
                              DEPUTY

                Sincerely,

Name _Patrick Dennis Burke_

Address _CTF LB 116_

_P.O. Box 705_

_Soledad, CA 93960-0705_

CDC or ID Number _V-09946_

# FILED

**FEB 14 2005**

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

**CASSIDY WILLIAMS**

_Superior Court_

_Santa Clara County_

(Court)

---

_Patrick Dennis Burke_
Petitioner

vs.

_The People of The State of California_
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _CC304647_

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
**PETITION FOR WRIT OF HABEAS CORPUS**
Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

[X] A conviction          [ ] Parole

[ ] A sentence            [ ] Credits

[ ] Jail or prison conditions    [ ] Prison discipline

[ ] Other *(specify)*: _____

1. Your name: *Patrick Dennis Burke*

2. Where are you incarcerated? *Correctional Training Facility, Soledad, C.A.*

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   *Vandalism*

   b. Penal or other code sections: *PC 594 (A) (3) (1)*

   c. Name and location of sentencing or committing court: *Superior Court, Santa Clara Co.*
   *Dept 35, 190 Heading St. San Jose, C.A. 95110*

   d. Case number: *CC 304647*

   e. Date convicted or committed: *September 11, 2003*

   f. Date sentenced: *October, 10, 2003*

   g. Length of sentence: *6 yrs. 4 mos.*

   h. When do you expect to be released? *March 18, 2008*

   i. Were you represented by counsel in the trial court? [X] Yes.  [ ] No.  If yes, state the attorney's name and address:
   *Irma Jurado, Office of the Public Defender.*

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty  [ ] Guilty  [X] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6.  GROUNDS FOR RELIEF
    **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ineffeciant Assistance of trial Counsel. My trial counsel Advised me to make a plea on this charge without informing me of contridicting information Between Testamony and evidence in the trial File.

a.  Supporting facts:
    Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

In the Preliminary Hearing on June 24, 2003 SJPD officer Povio testified that I Becamed enraged and was Kicking the Back passenger window. He described the damage as the top of the door Frame Being Bent and an aluminum Bar that goes across the window was popped off cause 2 of the 4 rivets Had popped out. After a recess the officer testified He talked to someone at the SJPD garage, a "John Conte" and that the Actual Bill to repair the vehicle was $699.27 He also stated this was the only repair made to that vehicle in the month of January. The vehicle Being PD unit 940. Evidence in the File show repairs made to PD unit 940 with a cost of $699.27 But the repair was to the "Left Front Door Shell" not the rear passenger door. Also the picture of the PD vehicle was taken on 1-23-03 and I wasn't in the vehicle until 1-28-03.

b.  Supporting cases, rules, or other authority (optional):
    *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

_____

_____

_____

7. **Ground 2 or Ground** _____ *(if applicable)*:

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_6th District Court of Appeals. (Sentence Re: Restitution)_

b. Result: _Denied_          c. Date of decision: _August 2004_

d. Case number or citation of opinion, if known: _H026657_

e. Issues raised: (1) _Restitution of Fines Imposed By Trial Court._

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

_William M. Robinson  100 N. Winchester Blvd. Suite 310  Santa Clara, CA._
_95050_

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

a. Result: _____          b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_The Appeals Attorney as well as the Trial Attorney Failed to_
_Notice or bring up the issue_

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?    ☐ Yes. If yes, continue with number 13.    ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

I DID not RECeive the File with this information FRom the 6th Sist APPellate PRogRam uNtil 11-7-04

16. Are you presently represented by counsel?    ☐ Yes.    ☒ No.  If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?    ☐ Yes.    ☒ No.  If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____

_____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page six of six

# EXHIBIT 3

1

2

3

4

5

6

7

8

**FILED**

**MAR 1 7 2005**

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

9   COUNTY OF SANTA CLARA

10 In re       ) No. CC304647
           )
11  **PATRICK DENNIS BURKE,** ) ORDER
           )
12 On Habeas Corpus    )
           )
13 _____)

14

15   **PATRICK DENNIS BURKE** (hereinafter "Petitioner") has filed a petition for

writ of habeas corpus in which he asserts that his trial counsel was ineffective

16 in advising him on his plea. However, Petitioner completely fails to provide any

17 documentary support to substantiate his claim. (*People v. Duvall* (1995) 9 Cal.4th

18 464, 474.) Petitioner provides no declarations or affidavits of witnesses, no

19 documents, nor any copies of transcripts to support the various allegations raised

20 in his petition. As a result, Petitioner has failed to make a *prima facie* showing

21 for relief on any ground. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258.)

22   The petition is DENIED.

23 DATED:  **3-17** , 2005

24           GILBERT T. BROWN
           JUDGE OF THE SUPERIOR

25 cc: Petitioner
    District Attorney
26    Research
    File
27

28

1

# EXHIBIT 4

MC-275

Name _Patrick D. Burke_

Address _CTF LB 116_

_P.O. Box 705_

_Soledad, CA 93960-0705_

CDC or ID Number _V-09946_

**F I L E D**

APR 7 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court, CA County of Santa Clara

_____ DEPUTY

S. CHUA

_Superior Court of California_

_County of Santa Clara_
(Court)

| _Patrick D. Burke_ | |
|---|---|
| Petitioner | |
| vs. | |
| _County of Santa Clara._ | |
| Respondent | |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _CC304647_

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

**PETITION FOR WRIT OF HABEAS CORPUS**

 **WEST GROUP**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

☒ A conviction   ☐ Parole

☐ A sentence   ☐ Credits

☐ Jail or prison conditions   ☐ Prison discipline

☐ Other (specify): _____

1. Your name: *PATRICK D. BURKE*

2. Where are you incarcerated? *CORRECTIONAL TRAINING FACILITY*

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*VANDALISM*

b. Penal or other code sections: *PC 594 (A)/(B)(1)*

c. Name and location of sentencing or committing court: *SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA ~~COURT~~ 190 HEDDING St. SAN JOSE, CA.*

d. Case number: *CC 304647*

e. Date convicted or committed: *Sep. 11, 2003*

f. Date sentenced: *Oct. 10, 2003*

g. Length of sentence: *6 yRS 4 MONTHS*

h. When do you expect to be released? *MARCH 18, 2008*

i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

*IRMA JURADO OFFICE OF THE PUBLIC DEFENDER*

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty   ☐ Guilty   ☒ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ineffective ~~Assi~~ Assistance of counsel on Advising of plea.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

During my preliminary hearing on 6-24-03 SJPD officer Scott Povio gave testimony, under oath, regarding damage to police vehicle #940 that he claimed I damaged and the cost to repair the vehicle was $699.27. When the file was released to me on 11-7-04 I found the damage and repair amount of $699.27 was from a vehicle accident and not damage I allegedly caused. Supporting documents (see attached) do not show any ~~of~~ damage from the alleged vandalism, therefor I did not receive proper assistance from counsel. If I had there would not have been a plea on the charge of vandalism. ~~The~~ The supporting documents (see attached) show that SJPD officer Scott Povio committed ~~perjury~~ perjury by testifying he was driving unit #940 when that vehicle was in the repair shop at the time I was arrested and that the amount of repairs was $699.27 for damage I caused which was the basis of the vandalism charge being a felony. (damage over $400.00)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. **Ground 2 or Ground** _____ (*if applicable*):

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

    a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    _Court of Appeal_

    b. Result: _Denied_    c. Date of decision: _Aug. 2004_

    d. Case number or citation of opinion, if known: _H026657_

    e. Issues raised: (1) _Restitution_

       (2) _____

       (3) _____

    f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

    _William Robinson  100 N. Winchester Blvd. Suite 310 Santa Clara, CA._

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

    a. Result: _____    b. Date of decision: _____

    c. Case number or citation of opinion, if known: _____

    d. Issues raised: (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _I did not see any of the file until I received it on 11-7-04_

    _____

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    **Page five of six**

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA*

    (2) Nature of proceeding (for example, "habeas corpus petition"): *HEBEAS CORPUS PETITION*

    (3) Issues raised: (a) *VANDALISM CONVICTION*

        (b) _____

    (4) Result (Attach order or explain why unavailable): *DENIED (SEE ATTACHED)*

    (5) Date of decision: *MARCH 17, 2005*

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
*(SEE ATTACHED)*

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
*REFILING WITH SUPPORTING TRANSCRIPTS. DUE TO CURRENT PRISON LOCK DOWNS IT TOOK TIME TO GET COPY'S OF THE TRANSCRIPTS.*

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *4-4-05*

(SIGNATURE OF PETITIONER)

**FILED**

MAR 1 7 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                          )    No. CC304647
                               )
  PATRICK DENNIS BURKE,        )    ORDER
                               )
On Habeas Corpus               )
_____)

  **PATRICK DENNIS BURKE** (hereinafter "Petitioner") has filed a petition for

writ of habeas corpus in which he asserts that his trial counsel was ineffective

in advising him on his plea. However, Petitioner completely fails to provide any

documentary support to substantiate his claim. (*People v. Duvall* (1995) 9 Cal.4th

464, 474.) Petitioner provides no declarations or affidavits of witnesses, no

documents, nor any copies of transcripts to support the various allegations raised

in his petition. As a result, Petitioner has failed to make a *prima facie* showing

for relief on any ground. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258.)

  The petition is DENIED.

DATED: ___3-17___, 2005

GILBERT T. BROWN
JUDGE OF THE SUPERIOR

cc:  Petitioner
     District Attorney
     Research
     File

1

**ORIGINAL**

1                    IN THE SUPERIOR COURT

2          FOR THE SANTA CLARA COUNTY JUDICIAL DISTRICT

3            COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

4               THE HONORABLE GILBERT T. BROWN

5                        DEPARTMENT 27

6                        ---oOo---

7

8   THE PEOPLE OF THE STATE OF CALIFORNIA,      NO.  CC304647

9                        PLAINTIFF,             F(1,2)VC23152/
                                                      23550.5(A)
10                   VS.                        F(3,4)VC23152/
                                                      23550(A)
11   PATRICK DENNIS BURKE,                      F(5)PC594(A)(3)(1)
                                                M(6)HS11364
12                   DEFENDANT.                 M(7)VC14601.5(A)
                                                M(8)VC14601.2(A)
13   _____

14                                              **FILED**

15                        ---oOo---
                                                JUL 0 7 2003
16
                                                Chief Executive Officer/Clerk
17                                              Superior Court of CA, County of Santa Clara
                                                By_____ Deputy
18              PRELIMINARY EXAMINATION

19      SAN JOSE, CALIFORNIA, JUNE 24, 2003, 10:00 A.M.

20

21

22                    APPEARANCES:                      7/7/03

23   FOR THE PEOPLE:         CHRISTINE GARCIA-SEN,
                             DEPUTY DISTRICT ATTORNEY
24
     FOR THE DEFENDANT:      JONATHAN MOSBY, 7/7/03
25                           DEPUTY PUBLIC DEFENDER

26   OFFICIAL COURT REPORTER:      JAMES R. SUGIYAMA

27

28

2

```
1   SAN JOSE, CALIFORNIA                    JUNE 24, 2003
2                            PROCEEDINGS
3                            ---oOo---
4              THE COURT:  ALL RIGHT.
5              GOOD MORNING.
6              THIS IS IN THE MATTER OF PEOPLE VERSUS PATRICK
7   BURKE.
8              IF COUNSEL STATE YOUR APPEARANCES, PLEASE.
9              MR. MOSBY:   GOOD MORNING --
10             I'M SORRY.
11             MISS GARCIA-SEN:  GOOD MORNING, YOUR HONOR.
12             CHRISTINE GARCIA-SEN FOR THE PEOPLE.
13             THE COURT:  ALL RIGHT.
14             MR. MOSBY:  GOOD MORNING, JONATHAN MOSBY FROM THE
15  PUBLIC DEFENDER'S OFFICE ON BEHALF OF MR. BURKE, WHO IS
16  PRESENT IN CUSTODY.
17             THE COURT:  ALL RIGHT.
18             BOTH SIDES READY?
19             MISS GARCIA-SEN:  YES.
20             MR. MOSBY:  YES.
21             THE COURT:  ALL RIGHT.
22             IF YOU WILL CALL YOUR FIRST WITNESS, PLEASE.
23             MISS GARCIA-SEN:  THAT WOULD BE OFFICER POVIO
24             THE COURT:  IF THAT PERSON WOULD, PLEASE, STEP
25  FORWARD.
26             COME RIGHT AROUND THE CORNER, AND IF YOU WILL
27  STOP RIGHT THERE AND RAISE YOUR RIGHT HAND TO BE SWORN AS A
28  WITNESS.
```

4

1  A        DECEMBER 22ND, IT WAS MY FIRST DAY IN THE FIELD.

2  Q        AND THAT WAS?

3  A        2002.

4  Q        OKAY.

5           AND, SIR, WERE YOU ON DUTY AS A POLICE OFFICER ON

6  JANUARY 28TH OF 2005?

7  A        YES.

8  Q        ON THAT DATE AT 2230 HOURS, DID A CAR ATTRACT YOUR

9  ATTENTION?

10  A       YES.

11  Q        AND WHAT WERE YOU DOING AT THE TIME?

12  A        I WAS ON PATROL IN DISTRICT LINCOLN AT THE TIME.

13  Q        AND TELL US WHAT YOU SAW, WHAT ABOUT THIS VEHICLE

14  DREW YOUR ATTENTION TO IT?

15  A        I WAS HEADING NORTHBOUND ON MONTEREY.

16           THE VEHICLE WAS IN FRONT OF ME, AND IT WAS PULLING

17  AWAY FROM ME AT A HIGH RATE OF SPEED.

18  Q        AND WHAT DID YOU DO WHEN YOU SAW THIS CAR PULLING

19  AWAY FROM YOU AT A HIGH RATE OF SPEED?

20  A        I ATTEMPTED TO CATCH UP TO THE VEHICLE, TOOK ME

21  APPROXIMATELY AN EIGHTH OF A MILE AT PROBABLY 70 MILES AN

22  HOUR TO CATCH THE VEHICLE.

23  Q        AND WHAT WAS THE SPEED LIMIT ON THAT ROADWAY?

24  A        I BELIEVE, THE SPEED LIMIT ON MONTEREY IS 50 MILES

25  PER HOUR.

26  Q        IS THAT FIVE-ZERO?

27  A        YES.

28  Q        WHAT HAPPENED NEXT?



16

1  TAKE ONE OF HIS NITROL PILLS.

2  Q     WHILE DRIVING TO A.T.E. DID ANYTHING HAPPEN

3  A     YES.

4        HE KEPT COMPLAINING THAT HE HAD MORE CHEST PAIN

5  AND THAT HE NEEDED ANOTHER PILL, AND OFFICER GONZALEZ

6  INSTRUCTED HIM THAT WE WOULD BE THERE IN TWO MINUTES,

7  AND WE'D GIVE HIM ANOTHER PILL THERE.

8  Q     AND THEN WHAT HAPPENED?

9  A     THE SUSPECT BECAME ENRAGED AND BEGAN KICKING OUT

10 THE BACK WINDOW OF OUR VEHICLE.

11 Q     OKAY.

12       DID YOU SEE HOW HE WAS KICKING OUT THE BACK WINDOW

13 A     YES.

14       HE WAS LAYING ON HIS BACK KICKING WITH BOTH FEET

15 THE PASSENGER'S SIDE REAR WINDOW.

16 Q     OKAY.

17       AND WHAT HAPPENED NEXT?

18 A     FOR OUR SAFETY AND BEFORE HE ACTUALLY DID KICK

19 OPEN THE WINDOW, WE PULLED INTO THE MEDIAN ON HIGHWAY 87 JUST

20 SOUTH OF 280, AND OFFICER GONZALEZ REMOVED HIM FROM THE REAR

21 OF THE VEHICLE.

22 Q     DID YOU SEE ANY DAMAGE DONE AS A RESULT OF THE

23 DEFENDANT'S KICKING?

24 A     YES.

25 Q     CAN YOU DESCRIBE THE DAMAGE YOU SAW?

26 A     THE ALUMINUM BAR THAT GOES ACROSS THE WINDOW

27 IT'S RIVETED WITH FOUR RIVETS, TWO RIVETS ON THE TOP WERE

28 POPPED OUT.

17

1  THE BAR WAS BENT, THE WINDOW WAS KNOCKED OFF THE

2  RAIL THAT IT SLIDES UP AND DOWN ON, AND THE TOP OF THE DOOR

3  FRAME WAS BENT OUT.

4  Q        OKAY.

5            I'M NOT FAMILIAR WITH THAT SOLID ALUMINUM BAR THAT

6  GOES ACROSS THE WINDOW, IS THAT SOMETHING SPECIAL TO POLICE

7  CARS?

8  A        YES.

9  Q        CAN YOU DESCRIBE THAT?

10  A        IT'S AN ALUMINUM BAR APPROXIMATELY 3 INCHES IN

11  WIDTH THAT GOES HALFWAY ACROSS THE WINDOW, THE BACK WINDOW,

12  SO IF THE WINDOW IS DOWN, THE SUSPECT CANNOT GO OUT OF THE

13  VEHICLE.

14  Q        WHEN YOU SAY IT GOES HALFWAY DOWN, DO YOU MEAN,

15  THE BAR IS IN THE MIDDLE OF, BETWEEN THE TOP AND THE BOTTOM

16  OF THE WINDOW AND IT GOES HORIZONTALLY ACROSS THE WINDOW?

17  A        YES.

18  Q        BUT IT GOES ACROSS THE ENTIRE LENGTH?

19  A        IT GOES THE ENTIRE LENGTH OF THE WINDOW, YES.

20  Q        AND HOW WIDE IS THAT ALUMINUM BAR?

21  A        APPROXIMATELY, 3 INCHES WIDE.

22  Q        SIR, HAVE YOU HAD ANY EXPERIENCE IN YOUR CAREERS

23  BEFORE BECOMING A POLICE OFFICER WITH ESTIMATING THE COST

24  TO REPAIR DAMAGE TO VEHICLES?

25  A        YES.

26  Q        AND CAN YOU BRIEFLY TELL US ABOUT THAT?

27  A        I'M A CERTIFIED MARINE TECHNICIAN, I'VE WORKED

28  ON BOATS.

30

1          HE TOLD ME HE NEEDED ONE PILL.

2     Q          SO, IT WAS A PILL OR LIQUID?

3     A          IT WAS A PILL.

4     Q          AND SUBSEQUENT INTO THE RIDE, HE REQUESTED

5     ANOTHER PILL, BECAUSE HE WASN'T FEELING WELL; IS THAT

6     CORRECT?

7     A          YES.

8     Q          AND AT THAT POINT IN TIME, OFFICER GONZALEZ SAID

9     HE COULD NOT HAVE A PILL; CORRECT?

10    A          CORRECT.

11               WE WERE ON THE FREEWAY.

12    Q          AND AFTER THAT OCCURRED, IS WHEN YOU ALLEGE THAT

13    MR. BURKE ATTEMPTED TO START KICKING THE WINDOW?

14    A          YES.

15    Q          OKAY.

16               AND WHILE THIS WAS OCCURRING, MR. BURKE WAS NOT

17    SAYING ANYTHING; IS THAT FAIR TO SAY?

18    A          HE KEPT SAYING THAT HE NEEDED MEDICAL ATTENTION.

19    Q          ALL HE WAS SAYING IS THAT HE NEEDED MEDICAL

20    ATTENTION?

21    A          YES.

22    Q          OKAY.

23               BASED ON YOUR TRAINING, DID HE SEEM CONVULSING IN

24    ANY WAY, SHAPE OR FORM, WAS HE FLOPPING AROUND IN THE BACK

25    SEAT?

26    A          I COULD NOT REALLY TELL.

27               IT WAS DARK IN THE VEHICLE.

28    Q          WERE YOU THE PASSENGER OR THE DRIVER?

31

1   A        I WAS DRIVING.

2   Q        SO, WOULD IT BE FAIR TO SAY THAT YOU WERE MORE

3   FOCUSED ON KEEPING YOUR EYE ON THE ROAD?

4   A        YES.

5   Q        NOW, YOU'VE ALREADY TESTIFIED THAT YOU NEVER

6   WORKED AS A BODY SHOP TECHNICIAN; IS THAT CORRECT?

7   A        YES.

8   Q        NOR HAVE YOU EVER, AS PART OF YOUR JOB, GIVEN

9   ESTIMATES OF THE VALUE OF THE DAMAGE TO VEHICLES, CARS

10  SPECIFICALLY, NOT MARINE?

11  A        NOT AS MY MAINSTAY, NO.

12  Q        AND HAVE YOU EVER COMPENSATED OR GIVEN ESTIMATES

13  ON DAMAGE TO CARS?

14  A        NO.

15  Q        JUST GOING BACK TO THE VERY BEGINNING WHEN YOU

16  SAID YOU FOLLOWED MR. BURKE FOR AN EIGHTH OF A MILE; IS THAT

17  CORRECT?

18  A        APPROXIMATELY, YES.

19  Q        AND THAT YOU REACHED SPEEDS UP TO 70 MILES PER

20  HOUR IN TRYING TO CATCH UP WITH MR. BURKE; CORRECT?

21  A        YES.

22  Q        AND YOU BELIEVE THE POSTED SPEED LIMIT TO BE 50

23  MILES PER HOUR; CORRECT?

24  A        YES.

25  Q        AND AT 70 MILES PER HOUR, YOU WERE ABLE TO CATCH

26  UP TO MR. BURKE; IS THAT CORRECT?

27  A        YES.

28  Q        AND IS IT FAIR TO SAY THAT THIS OCCURRED --

36

1        MR. MOSBY: OBJECTION.

2        THE COURT: SUSTAINED.

3        MR. MOSBY: ASK THAT IT BE STRICKEN.

4        THE COURT: THE ANSWER WILL BE STRICKEN.

5        WHY DON'T WE TAKE A 15 MINUTE RECESS.

6        MISS GARCIA-SEN: EXCELLENT IDEA.

7                              (WHEREUPON, THE COURT TOOK A

8        BRIEF RECESS)

9        THE COURT: ALL RIGHT.

10       BACK IN THE MATTER OF PEOPLE VERSUS PATRICK BURKE.

11       LET THE RECORD REFLECT MR. BURKE IS PRESENT WITH

12       HIS ATTORNEY, MR. MOSBY, AND I BELIEVE, WE WERE AMIDST

13       DIRECT EXAMINATION.

14       MISS GARCIA-SEN: RE-DIRECT, I BELIEVE, YOUR HONOR.

15       THE COURT: YES.

16       GO AHEAD.

17       BY MISS GARCIA-SEN:

18       Q     OFFICER, DURING THE BREAK, DID YOU CALL SOMEONE

19       CONCERNING THE DAMAGE TO YOUR POLICE VEHICLE?

20       A     YES.

21             I CALLED JOHN CONTE PHONETIC, HE WORKS IN THE

22       GARAGE AT SAN JOSE PD, AND HE GAVE US THE ACTUAL, IT WAS

23       $699.27.

24       Q     IS THAT $699.00 --

25       A     27 CENTS, YES.

26       Q     AND IS THAT THE COST TO REPAIR THE DAMAGE THAT WAS

27       CAUSED DURING THIS INCIDENT YOU TOLD US ABOUT TODAY?

28       A     YES.

37

| | | |
|---|---|---|
| 1 | Q | THANK YOU. |
| 2 | | MISS GARCIA-SEN:  I HAVE NOTHING FURTHER. |
| 3 | | THE COURT:  RE-CROSS. |
| 4 | | MR. MOSBY:  THANK YOU. |

<u>RE-CROSS EXAMINATION</u>

BY MR. MOSBY:

Q  WHAT IS MR. CONTE'S POSITION, DOES HE WORK FOR THE POLICE DEPARTMENT?

A  I BELIEVE YES, HE WORKS IN THE GARAGE OF THE POLICE DEPARTMENT.

Q  AND WHEN HE TOLD YOU THAT IT WAS 1699.27, DID HE SPECIFY WHETHER OR NOT THAT WAS THE WHOLESALE COST, COST TO THE CITY?

A  HE SAID IT WAS THE REPAIR COST.

Q  AND DID HE SAY WHETHER OR NOT THEY HAD TO OBTAIN MATERIALS OUTSIDE OF WHAT THEY ALREADY HAD IN STOCK?

A  HE DID NOT SAY.

Q  DID HE TELL YOU WHAT THE BASIS FOR THAT ESTIMATE WAS, WHICH WAS 167 OR 699.27?

A  THAT WAS THE ONLY REPAIR TO THAT CAR IN THE MONTH OF JANUARY.

Q  HE DID NOT TELL YOU HOW MUCH WAS LABOR VERSUS MATERIAL?

A  NO, HE DID NOT.

Q  DID HE TELL YOU WHETHER OR NOT HE WAS THE PERSON WHO DID THE REPAIRS TO THE VEHICLE?

A  NO.

Q  DID HE TELL YOU HOW HE WAS ABLE TO DETERMINE THAT

38

1    ~~THE COST OF REPAIRS WAS $991.74~~

2    A          ~~YES.~~

3               ~~IT WAS FROM A WORK ORDER~~

4               MR. MOSBY:  I WOULD HAVE TO OBJECT TO THAT AS

5    HEARSAY IN REGARDS TO MR. CONTE'S DIVULGING OF THAT

6    INFORMATION TO THE OFFICER.

7               THE COURT:  PEOPLE'S RESPONSE?

8               MISS GARCIA-SEN:  LET ME LAY A FOUNDATION, YOUR

9    HONOR.

10              THE COURT:  GO AHEAD.

11                             RE-RE-DIRECT EXAMINATION

12   BY MISS GARCIA-SEN:

13   Q          SIR, DID MR. CONTE TELL YOU IN WHAT CAPACITY HE

14   WORKS AT THE GARAGE?

15   A          NO, HE DIDN'T SAY EXACTLY.

16              WHAT HE DID SAY BASICALLY, IS HE WORKS IN THE

17   GARAGE.

18              I CALLED THE GARAGE NUMBER, HE ANSWERS, THE GARAGE.

19   Q          OKAY.

20              AND DID HE TELL YOU WHETHER OR NOT HE REPAIRS

21   THOSE VEHICLES?

22   A          NO, HE DID NOT.

23   Q          ~~AND IS THAT THE GARAGE THAT REPAIRS ALL THE~~

24   ~~DAMAGE TO POLICE VEHICLES?~~

25   A          ~~YES, IT IS.~~

26   Q          ~~OKAY.~~

27              ~~AND DID YOU DESCRIBE TO HIM YOUR PARTICULAR~~

28              ~~DID YOU LET HIM KNOW THAT YOU WERE TALKING ABOUT~~



39

1   YOUR PARTICULAR VEHICLE AND THE DAMAGE ON THIS PARTICULAR

2   VEHICLE?

3   A        I ASKED HIM IF HE WAS ABLE TO TELL ME HOW MUCH IT

4   COST TO REPAIR THE DAMAGE TO VEHICLE 91, WHICH I WAS DRIVING

5   THAT DAY, AND HE LEFT AND GOT THE WORK ORDER, AND TOLD ME

6   $99.27.

7   Q        DID HE TELL YOU THAT NUMBER CAME FROM THE WORK

8   ORDER?

9   A        YES, HE DID.

10  Q        OKAY.

11           AND WHAT IS THAT WORK ORDER?

12  A        SOMETHING GENERATED WHEN WE PUT A VEHICLE DOWN.

13  WE WRITE ON A PIECE OF PAPER, DESCRIBE WHATEVER IT IS, THEN

14  THEIR SUPERVISOR WILL MAKE UP A WORK ORDER AND GIVE IT TO THE

15  ACTUAL MECHANIC WHO FIXES THE VEHICLE.

16  Q        AND DO YOU KNOW THAT BASED ON YOUR TRAINING AND

17  EXPERIENCE?

18  A        YES.

19           AND BEING IN THE GARAGE, YES.

20           MISS GARCIA-SEN:  I HAVE NO FURTHER QUESTIONS,

21  YOUR HONOR.

22           THE COURT:  ALL RIGHT.

23           CROSS.

24           MR. MOSBY:  NO CROSS.

25           I JUST RENEW THE OBJECTION IN REGARDS TO HEARSAY

26  AS TO THE DOLLAR AMOUNT.

27           THE COURT:  I HAVE A FEW QUESTIONS.

28           THE WORK ORDER, DID YOU SAY THAT WAS GENERATED BY

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Job Status:CLOSED
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Warranty:NO
Job Type:REPAIR
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮     SEDAN PATROL
Meter 1 Reading:  57263
Meter 2 Reading:      0
Department:5000      POLICE

| | LABOR | | | | PARTS | | | | COMMERCIAL CHARGES | |
| | Employee | Hours | Cost | Part ID : 8fx | | Qty | Cost | Vendor | Labor | Parts |
|---|---|---|---|---|---|---|---|---|---|---|
| Task ID: 01031600 | PAINT/BODYWORK - BODY EXTERIOR | | | | | Work Class:B  UNSCHEDULED | | | | |
| Work Accomplished Code: | | | | | | Repair Reason:N  ACCIDENT | | | | |
| | C | 0.00 | 0.00 | | | 0 | 0.00 | 58326 | 0.00 | 0.00 |
| | C | 0.00 | 0.00 | | | 0 | 0.00 | 58326 | 601.30 | 97.97 |
| Task ID: 21010100 | COMMERCIAL REPAIR RECEIVING INSPECTION | | | | | Work Class:B  UNSCHEDULED | | | | |
| Work Accomplished Code: | | | | | | Repair Reason:N  ACCIDENT | | | | |
| | L CT083337 | 0.30 | 30.75 | | | 0 | 0.00 | | 0.00 | 0.00 |
| | CONTE TOM | | | | | | | | | |
| Totals: | | 0.30 | 30.75 | | | 0 | 0.00 | | 601.30 | 97.97 |

Work Order Total:     730.02

Comments:
DRIVER STATES,
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**179**



User: GM31841

REPAIR ORDER



DELAY 
GILL MIKE

Work Order    GA-2003-668
Opened by:   GM318419

Datetime In  01/23/2003 06:45
Datetime Due 01/25/2003 06:45
Est Complete

|          | Current | Life   |
|----------|---------|--------|
| Meter 1  | 57263   | 57263  |
| Meter 2  | 0       | 0      |
| Priority | 3 2     | DAYS   |
| Tech/Vendor |      |        |

Parking Stall
Reference Order
Account ID    001500005304048 PD-PATROL
Tax Code
Est Hours     0.00

Equipment ID 99940        OWNED
1997 FORD CROWNVICTORIA
License No   D999401 CA
Serial No    2FALP71WXVX201536
In Service   02/16/2000
Maint Class  1CB..U3G
             CAR, PATROL, B&W
Dept         5000
             POLICE
Asset ID
Contact      PD BFO

Warranty Exp Date 02/16/2003
Equip Status



Leave Work Order

Repair Reason N ACCIDENT
Work Class B Warranty      NO

Comments

DRIVER STATES
IS ACCIDENT DAMAGE TO DRIVERS DOOR

SFPD CASE# 03-022-0102

Complete
----
----
----

Information Messages

UNIT IS COMING DUE AT 57687 LIFE MILES ON METER 1 FOR SERVICE A

**180**

# FLYER'S BODY SHOP

820 N. 13th St. San Jose, CA 95112
(408) 288-8550 Fax (408) 288-5242

**INVOICE No.** 2391

343

**Date** JAN 28 2003
Phone 277-4524
Model 97 Ford Crown Victoria
Lic. No. 6 299 904
I.D. No. 2FALP71WXVX201536

ne City of San Jose - Unit # 99940
lress 1661 Senter Road, 3rd Floor
San Jose, CA. 95112

urance Co. _____ Address _____

| STR | Description | Paint | SUBLET | Material | Labor |
|-----|-------------|-------|--------|----------|-------|
| | Left Fend Hood Shell | 2.8 | | | 6 5 |
| | Rpl Inner Tail Base | | | | 0 4 |
| | Corrosion Protection | | | 8 00 | 0 3 |
| | Wash Wax | | 10. | | |
| | Hardskirt | 0.9 | | | |
| | Misc Body Operation | | | 5 00 | 0 3 |
| | Color Tint | | | | 0 5 |
| | Paint Materials | 1.8 | | 77 50 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | VEH.# 99940 WO# 2003 668 | | | | |
| | RT. 3103 1600 FAC CODE# GA | | | | |
| | CPO# PO# 308 48 | | | | |
| | CHG# 552-5900-161-4052 | | | LABOR | |
| | SIGNED Frank Conte | | | | |
| | DATE 1-28-02 | | | | |
| | | 3.1 | 10. | 90.50 | 8 0 |

CHARGE
OK by Saig

**ATTENTION: All Checks Must Be Payable
IN PART to Flyer's Body Shop.**

B.A.R. No. 19694
Damaged parts will be made available for
inspection upon request from the owner before
repairs are started.

Received by _____
on _____
(Date)

| | |
|---|---|
| SUBLET | 10.00 |
| Labor 11.1 @ 53°° | 588.30 |
| Material | 90.50 |
| Tax | 7.47 |
| Tow and Storage | |
| Hazardous Waste Disposal | 3.00 |
| **TOTAL** | 699.27 |

181

Photographic Image May Be
Poor Due To Condition Of
Original Document.

# Memorandum



TO: Mike Underwood                    FROM: Mike Gill

SUBJECT: Vehicle Accident                    DATE: 01/23/03



Equipment #: 99940        Case #: 03-023-0102                    Reason: Accident

Notes: Accident damage to Drivers' door

W.O. GA-2003-668

182

# EXHIBIT 5

**FILED**

JUN 9  2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                )        No. CC304647
                                     )
    **PATRICK DENNIS BURKE,**        )        ORDER
                                     )
On Habeas Corpus                     )
_____)

    **PATRICK DENNIS BURKE** (hereinafter "Petitioner") has re-filed a petition for writ of habeas corpus in which he asserts that his trial counsel was ineffective in advising him on his plea. This Court denied the petition on March 17, 2005 because Petitioner failed to provide any documentary support to substantiate his claim. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Petitioner has re-submitted the petition with transcripts and documents which allegedly support his claim. After reviewing these documents, this Court finds that the petition has no merit.

    The petition is DENIED.

DATED: _____, 2005

_____
GILBERT T. BROWN
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research
     File

1

| | |
|---|---|
| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA<br><br>Plaintiff:<br>PEOPLE OF THE STATE OF CALIFORNIA<br><br><br><br>Defendant<br>**Patrick Dennis Burke** | **FILED**<br><br>JUN 9  2005<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>BY _____ DEPUTY |
| PROOF OF SERVICE BY MAIL OF:<br>ORDER RE: WRIT OF HABEAS CORPUS | CASE NUMBER:<br>CC304647 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA 6-9-05. I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer          By _____ Clerk
                                                                        Barbara Thomen

Patrick D. Burke  CTF LB116  V-09946
P.O. Box 705
Soledad, CA  93960-0705


Research Attorney/Criminal Division
* Placed in Research Attorney's  mail box at
   Hall of Justice


CJIC
*Placed in CJIC mail box  at Hall of Justice

Office of the District Attorney,   Santa Clara County
70 West Hedding Street, West Wing
San Jose, CA  95110
* Place in District Attorney Pickup Box*

# EXHIBIT 6



# CALIFORNIA APPELLATE COURTS
## Case Information

## 6th Appellate District

Change court ▼

Welcome
Search
E-mail
Calendar
Help
Opinions

Court data last updated: 07/17/2008 10:05 AM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)



C|C
home

**Burke on Habeas Corpus**
**Case Number H029062**

| Date | Description | Notes |
|------|-------------|-------|
| 07/15/2005 | Petition for a writ of habeas corpus filed. | |
| 07/25/2005 | Case fully briefed. | |
| 07/25/2005 | Order denying petition filed. | The petition for writ of habeas corpus is denied. (pbm, rjm, wcd) |
| 07/25/2005 | Case complete. | |
| 09/26/2005 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 7

# CALIFORNIA APPELLATE COURTS

## Case Information

Supreme
Court

## Supreme Court

Change court 

Welcome

Search

E-mail

Calendar

Help

Opinions

Court data last updated: 07/17/2008 09:53 AM

### Case Summary    Docket    Briefs
### Disposition    Parties and Attorneys    Lower Court

## Docket (Register of Actions)

**BURKE (PATRICK) ON H.C.**
**Case Number S138739**



home

| Date | Description | Notes |
|------|-------------|-------|
| 11/09/2005 | Petition for writ of habeas corpus filed | By petitioner in pro per (Patrick Burke). |
| 08/16/2006 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 8

# CALIFORNIA APPELLATE COURTS
## Case Information



Supreme
Court

## Supreme Court

Change court ▼

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C

home

Court data last updated: 07/17/2008 09:53 AM

### Case Summary    Docket    Briefs
### Disposition    Parties and Attorneys    Lower Court

## Docket (Register of Actions)

**BURKE (PATRICK) ON H.C.**
**Case Number S146213**

| Date | Description | Notes |
|------|-------------|-------|
| 08/31/2006 | Petition for writ of habeas corpus filed | Patrick Burke, petitioner in pro per |
| 09/20/2006 | Petition for writ of habeas corpus denied | (See In re Clark (1993) 5 Cal.4th 750; In re Miller (1941) 17 Cal.2d 734.) |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California