IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. BURKE,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN D.K. SISTO,<br><br>    Respondent.<br>_____ | No. C 07-2832 MMC (PR)<br><br>**ORDER OF DISMISSAL**<br><br>**(Docket No. 8)** |

    On May 31, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2007, the Court found petitioner had failed to state cognizable claims for habeas corpus relief, and the petition was dismissed with leave to amend. Petitioner thereafter filed an amended petition. Upon review of the amended petition, the Court, by order filed May 19, 2008, found petitioner stated therein a cognizable claim that he had been denied effective assistance of counsel when his attorney advised him to plead nolo contendere to a vandalism charge; the Court directed respondent to file either an answer to the petition or a motion to dismiss.

    On May 21, 2008, the Clerk of the Court mailed a copy of the Court's order to petitioner at the most recent address petitioner had provided to the Court. On June 10, 2008, the order was returned to the Court as undeliverable because petitioner was not at the address he had provided.

    Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose

address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." See Civ. L. R. 3-11(a). Where mail directed to such party "has been returned to the Court as not deliverable" and "the Court fails to receive within 60 days of this return a written communication from . . . the *pro se* party indicating a current address," the Court "may dismiss the complaint without prejudice." See Civ. L.R. 3-11(b).

Here, more than sixty days have passed since petitioner's mail was returned to the Court as undeliverable and petitioner has not notified the Court of his correct current address. Accordingly, the above-titled action is hereby DISMISSED without prejudice.[1]

This order terminates Docket No. 8.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] On August 7, 2008, respondent filed a motion to dismiss the petition as barred by the statute of limitations. As the petition is subject to dismissal for the above-stated reasons, respondent's motion is hereby DENIED, without prejudice to respondent's filing a motion to dismiss on the same ground should petitioner bring another petition challenging the vandalism conviction at issue herein.